**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **Consumer Financial Protection Bureau,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 1:14-cv-00292-SEB-TAB** |
| **ITT Educational Services, Inc.,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant ITT Educational Services, Inc. ("ITT") hereby respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), 12(b)(6), and 12(b)(7), to dismiss with prejudice the complaint of Plaintiff Consumer Financial Protection Bureau (the "Bureau"). In support of the motion, ITT states as follows:

1. In its complaint dated February 26, 2014, the Bureau asserts that ITT, an educational institution, violated the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5481 *et seq.*, and Regulation Z implementing the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* and 12 C.F.R. Part 1026. The complaint asserts three counts under the CFPA for purportedly "unfair" and "abusive" acts and practices in connection with private educational loans that students obtained from third-party lenders between July 21, 2011 and December 2011—even though ITT issued no such loans. The complaint also includes one count under Regulation Z for supposedly not disclosing a "finance charge" to graduating students who elected to pay their outstanding account balances in interest-free installments.

2. The Bureau's complaint should be dismissed in its entirety. The Bureau's structure violates the Constitution's separation of powers. As an unconstitutional entity, the Bureau lacks

standing to bring this action. The Bureau also asserts vague claims of "unfair" and "abusive" conduct that, both on their face and as applied, fail to provide sufficient notice of what is proscribed, in violation of the Due Process Clause of the Fifth Amendment. These fundamental constitutional violations deprive the Court of jurisdiction, and the vague theories of "unfairness" and "abusiveness" under the CFPA fail to state a claim on which relief can be granted.

3. The Bureau also alleges no facts showing that ITT, an educational institution, falls within the Bureau's enforcement jurisdiction over consumer financial products. The Bureau's enforcement authority is limited to consumer financial products or services, and it is clear on the face of the complaint that ITT issues no such products or services. Consequently, the complaint fails to state a claim under the CFPA on which relief can be granted.

4. The Bureau also has failed to allege adequately any violation of the CFPA or Regulation Z. The Bureau's theories of liability are fundamentally unsound, and the complaint pleads only conclusory assertions that are "not entitled to be assumed true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or wholly irrelevant to the asserted claims. In addition, although the Bureau does not plead a claim for deceptive conduct, the complaint is replete with generalized assertions that ITT made false or misleading representations to unidentified students at unspecified times. Such allegations are irrelevant to the counts the Bureau has chosen to plead, and in any event must be pleaded with specificity. Fed. R. Civ. P. 9(b). As a result, the complaint should be dismissed.

5. To the extent the complaint seeks restitution, disgorgement and rescission, these remedies can be obtained only from the third-party lenders who entered into loan contracts with students and collected fees and interest on those loans. ITT did none of these things, and the Bureau has chosen not to sue the third-party lenders who did. Therefore, the complaint should

be dismissed for failure to join those third-party lenders as necessary parties.

6. ITT submits herewith a memorandum of law in support of this motion.

WHEREFOR, ITT requests that the Court dismiss the Bureau's complaint with prejudice and award ITT its costs, including attorneys' fees, reasonably incurred in obtaining its dismissal.

Dated: April 28, 2014

Respectfully submitted,

ICE MILLER, LLP

By: /s/ *Philip A. Whistler*
Philip A. Whistler (#1205-49)

Thomas E. Mixdorf (#16812-49)
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Facsimile: (317) 236-2219
Philip.Whistler@icemiller.com
Thomas.Mixdorf@icemiller.com

GIBSON, DUNN & CRUTCHER LLP
Timothy J. Hatch (*pro hac vice* pending)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
THatch@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Douglas R. Cox (*pro hac vice* pending)
Jason J. Mendro (*pro hac vice* pending)
Lucas C. Townsend (*pro hac vice* pending)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
DCox@gibsondunn.com
JMendro@gibsondunn.com
LTownsend@gibsondunn.com

*Attorneys for Defendant*
*ITT Educational Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2014, a copy of the foregoing Defendant's Motion To Dismiss was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Philip A. Whistler*
Philip A. Whistler