Exhibit 2

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  SACV 13-1267 JLS (JEMx)                    Date:  February 24, 2014
Title:  Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

═══════════════════════════════════════════════════════════════════

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                         N/A    
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                              Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING (1) DEFENDANTS'
MOTION TO CERTIFY ORDER FOR INTERLOCUTORY
APPEAL; (2) DEFENDANTS' MOTION TO STAY CASE
PENDING APPEAL; AND (3) DEFENDANTS' MOTION FOR
PRELIMINARY INJUNCTION (Docs. 32, 33, 44)**

Before the Court are three Motions filed by Defendants Morgan Drexen, Inc. and
Walter Ledda: (1) a Motion to Certify Order for Interlocutory Appeal (MTC, Doc. 44);
(2) a Motion to Stay Case Pending Appeal (MTS, Doc. 32); and (3) a Motion for
Preliminary Injunction (MPI, Doc. 33).[1]  The Court finds these matters appropriate for
decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The hearing on
the Motions, scheduled for February 28, 2014, at 2:30 p.m., is therefore VACATED.  For
the reasons stated below, the Court DENIES Defendants' Motions.

### I.     Background

On August 20, 2013, Plaintiff Consumer Financial Protection Bureau ("CFPB")
filed this action against Defendants asserting six counts, four for violations of both the
Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, and the Consumer Financial
Protection Act ("CFPA"), 12 U.S.C. §§ 5531, 5536(a)(1) (counts 1-4), and two solely for
violations of the CFPA (counts 5-6).  (Compl. at 15-19, Doc. 1.)

_____

[1] Plaintiff Consumer Financial Protection Bureau filed an Opposition to each of the Motions, and
Defendants replied.  (MTC Opp'n, Doc. 56; MTS Opp'n, Doc. 46; MPI Opp'n, Doc. 48; MTC
Reply, Doc. 57; MTS Reply, Doc. 52; MPI Reply, Doc. 53.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1267 JLS (JEMx)                              Date:  February 24, 2014
Title:  Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

On October 25, 2013, Defendants filed a Motion to Dismiss arguing, among other things, that the CFPB is unconstitutional.  (Defs' MTD Mem. at 3-4, Doc. 22-1.) Specifically, Defendants argued that five structural features of the CFPB render the agency unconstitutional under the separation of powers principles of Articles I, II, and III:

(1) The President may remove the Director of the CFPB only for cause (12 U.S.C. § 5491(c)(3));

(2) The CFPB is led by a Director, not a multi-member commission (*id.* § 5491(b)(1));

(3) The CFPB is funded from the earnings of the Federal Reserve System, and not by regular congressional appropriations (*id.* § 5497(a)(1));

(4) The CFPB may take action to prevent "unfair, deceptive, or abusive act[s] or practice[s] under Federal law in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service" (*id.* § 5531(a)); and

(5) The CFPB's interpretations of federal consumer financial laws are afforded deference as if the CFPB were the only agency authorized to interpret those laws (*id.* § 5512(b)(4)(B)).  (*See* Defs' MTD Mem. at 6-21.)

On January 3, 2014, while the Motion to Dismiss was under submission, Defendants filed their Motion to Stay and Motion for Preliminary Injunction.  The Motion to Stay asks the Court to stay this action pending the Court's ruling on the CFPB's constitutionality and the conclusion of any appeals from that ruling.  (MTS at 1.) The Motion for Preliminary Injunction asks the Court to enjoin the CFPB from prosecuting this action pending the Court's ruling on the CFPB's constitutionality and the conclusion of any appeals from that ruling.  (MPI at 1.)

On January 10, 2014, the Court issued an Order denying Defendants' Motion to Dismiss.  (Order, Doc. 40.)  In the Order, the Court considered the features of the CFPB identified by Defendants, and concluded that they were consistent with the Constitution's vesting of executive power in the President, appropriations and legislative powers in the Congress, and judicial power in the federal courts.  (Order at 6-13.)  On January 21,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1267 JLS (JEMx)                    Date:  February 24, 2014

Title:  Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

2014, Defendants filed their Motion to Certify asking the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292.  (MTC at 1.)

## II.    Legal Standard — Motion to Certify Order for Interlocutory Appeal

28 U.S.C. § 1292(b) "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982).  A district court may certify such an interlocutory appeal where the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Each of the three certification requirements must be met for an order to be appropriate for interlocutory review.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (denying certification under §1292(b) where defendant failed to establish substantial ground for difference of opinion); *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

"The party seeking review bears the burden of showing that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'"  *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1087 (E.D. Cal. 2008) (quotation marks omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

## III.    Discussion — Motion to Certify Order for Interlocutory Appeal

Defendants argue that the Court's determination in the Order that the CFPB is constitutional satisfies each of the requirements of § 1292(b).  (Defs' MTC Mem. at 1, Doc. 44-1.)  However, for the reasons discussed below, the Court concludes that Defendants have failed to carry their burden as to the second prong of § 1292(b) by establishing substantial grounds for a difference of opinion as to the constitutionality of the CFPB.[2]

---

[2] As a result, the Court will not address the other prongs of § 1292(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1267 JLS (JEMx)                                    Date:  February 24, 2014
Title:  Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

"A substantial ground for difference of opinion exists . . . . when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions . . . ." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  However, a substantial ground for difference of opinion that will support interlocutory review does not exist "just because a court is the first to rule on a particular question," "a party[] strong[ly] disagree[s] with the Court's ruling," or "settled law might be applied differently."  *Couch*, 611 F.3d at 633 (quotation marks omitted).  "It is well settled that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."  *Id*. at 634 (quotation marks omitted).

Defendants argue that the issue of the CFPB's constitutionality presents novel legal questions on which reasonable judges could disagree.  (Defs' MTC Mem. at 10.)  In support, Defendants assert that "11 state attorneys general, Members of Congress, organizations such as the Chamber of Commerce, and scholars have advanced the same concerns and challenges to the constitutionality of the CFPB's novel structure."  (*Id.*)  The question is not, however, whether a contrary argument has been advanced; it is whether the substance of that argument raises a substantial ground for difference of opinion.  That question depends on "to what extent the controlling law is unclear."  *Couch*, 611 F.3d at 633.

 In the Order, the Court analyzed the structure of the CFPB under Supreme Court precedent.  (*See* Order at 6-14 (citing, *e.g.*, *Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990); *Whitman v. Am. Trucking Associa*tions, 531 U.S. 457 (2001)).)  Defendants assert that these cases "do not justify [the] CFPB's unique structure."  (MTC Reply at 6.)  Defendants have not, however, demonstrated that the structure of the CFPB is unique in a way that raises a substantial ground for disagreement as to its constitutionality under these Supreme Court decisions.

For example, in the Order, the Court relied on *Humphrey's Executor* in finding constitutional a provision allowing removal of the CFPB's director by the President only for cause.  (Order at 6-8.)  In *Humphrey's Executor*, the Supreme Court held that a provision allowing for removal of a commissioner of the Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1267 JLS (JEMx)                    Date: February 24, 2014
Title: Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

("FTC") only for cause did not unconstitutionally interfere with the executive power of the President. 295 U.S. at 619, 632. Defendants assert that *Humphrey's Executor* is distinguishable because the case "involve[d] the FTC, a federal agency that is (a) subject to appropriations oversight; and (b) makes decisions according to the deliberation and vote of a five-member bipartisan commission." (MTC Reply at 6.) Defendants, however, have not carried their burden of demonstrating that these differences give rise to a substantial ground for disagreement as to the applicability of *Humphrey's Executor* to the CFPB. First, Supreme Court precedent makes clear that the lack of appropriations oversight is permissible. (*See* Order at 9-10 (citing *Office of Pers. Mgmt.*, 496 U.S. at 424).) Second, Defendants have not explained how a reasonable jurist could find that a single director removable only for cause is less accountable to the President than a commission with each commissioner removable only for cause.

In sum, the Court concludes that Defendants have failed to demonstrate how the Supreme Court decisions the Court applied in the Order leave room for a "*substantial* ground for difference of opinion," 28 U.S.C. § 1292(b) (emphasis added), as to the constitutionality of the CFPB.[3] Defendants' Motion to Certify is therefore DENIED.

## IV. Motion to Stay and Motion for Preliminary Injunction

Defendants' Motion to Stay and Motion for Preliminary Injunction both ask the Court to suspend further prosecution of this action pending the resolution of Defendants' Motion to Dismiss, including any available appeals. Because the Court has issued its Order on Defendants' Motion to Dismiss and denied Defendants' Motion to Certify the Order for interlocutory appeal, the Motion to Stay and Motion for Preliminary Injunction are both DENIED as MOOT.

---

[3] Defendants also argue that "[t]here is an independent basis for the second [prong of § 1292(b)], namely recent Supreme Court decisions signaling that the structure of new and novel federal agencies will receive increased judicial scrutiny." (Defs' MTC Mem. at 10.) In support, Defendants cite to *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 130 S. Ct. 3138 (2010) and Justice Robert's dissent in *City of Arlington v. F.C.C.*, 133 S. Ct. 1863 (2013). Neither *Free Enterprise Fund* nor *City of Arlington*, however, call into question the Supreme Court cases the Court relied upon in the Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-1267 JLS (JEMx)                    Date:  February 24, 2014

Title:  Consumer Financial Protection Bureau v. Morgan Drexen, Inc., et al.

## V.    Conclusion

For the foregoing reasons, Defendants' Motions are DENIED.

Initials of Preparer:  tg