UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:14-cv-00292-SEB-TAB ) |
| ITT EDUCATIONAL SERVICES, INC., | ) ) |
| Defendant. | ) ) |

[PROPOSED] **CASE MANAGEMENT PLAN**

I. **Parties and Representatives**

    A. <u>Plaintiff</u>: Consumer Financial Protection Bureau

        <u>Defendant</u>: ITT Educational Services, Inc.

    B. <u>Counsel</u>

    <u>Counsel for the Consumer Financial Protection Bureau</u>:

<u>Consumer Financial Protection Bureau – Office of Enforcement</u>
Cynthia Gooen Lesser, (202) 435-9594, cynthia.lesser@cfpb.gov
Ethan Haim Levisohn, (202) 435-7055, ethan.levisohn@cfpb.gov
Nicholas F. B. Smyth, (202) 435-7163, nick.smyth@cfpb.gov
Maureen Elin McOwen, (202) 435-9553, molly.mcowen@cfpb.gov

Facsimile: (202) 435-7722

1750 Pennsylvania Ave., N.W., Fl. 10
Washington, DC 20006
*(Deliveries)*

1700 G St., N.W.
Washington, DC 20552
(*U.S. mail*)

Counsel for ITT Educational Services, Inc.:

Ice Miller, LLP
Philip A. Whistler, (317) 236-2100, Philip.Whistler@icemiller.com
Thomas E. Mixdorf, (317) 236-2100, Thomas.Mixdorf@icemiller.com
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Facsimile: (317) 236-2219

Gibson, Dunn & Crutcher LLP
Douglas R. Cox, (202) 887-3531, DCox@gibsondunn.com
Jason J. Mendro, (202) 887-3726, JMendro@gibsondunn.com
Lucas C. Townsend, (202) 887-3731, LTownsend@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036-5306
Facsimile: (202)467-0539
*Pro Hac Vice*

Timothy J. Hatch, (213) 229-7000, THatch@gibsondunn.com
333 South Grand Ave.
Los Angeles, CA 90071-3197
Facsimile: (213) 229-7520
*Pro Hac Vice*

II. **Jurisdiction and Statement of Claims**

A. Plaintiff's Statement:

This Court has subject matter jurisdiction over this action because it concerns federal consumer financial law, 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

The Consumer Financial Protection Bureau ("Bureau") seeks equitable relief, restitution, injunctive relief, disgorgement, rescission, and civil money penalties against Defendant ITT Educational Services, Inc. ("ITT"). The Bureau contends that ITT has: (1) engaged in unfair practices by forcing students into unwanted, high-risk ITT Private Loans; (2) engaged in abusive practices by taking unreasonable advantage of the inability of students to protect their interests in taking out the ITT Private Loans; (3) engaged in abusive practices by taking unreasonable advantage of students' reasonable reliance on ITT to work in their interests; and (4) violated the Truth in Lending Act (TILA), 15 U.S.C. §§ 1631(b) and 1638, and Regulation Z, 12 C.F.R. §§ 1026.17 and 1026.18, by failing to disclose the finance charges for the ITT Installment Loans that ITT has offered to some students as a means to repay an outstanding balance upon graduation.

B. <u>Defendant's Statement</u>:

The Court lacks jurisdiction, and the Bureau's claims should be dismissed. As detailed in ITT's Motion to Dismiss and supporting briefs, incorporated by reference herein, several threshold issues bar this Court's consideration of the Bureau's claims. In addition, ITT does not originate, own, or service any private education loans, within the meaning of the Bureau's jurisdiction. Moreover, ITT's practices are wholly consistent with the law. ITT is subject to and fulfills extensive requirements imposed on institutions of higher education by federal and state agencies. For example, ITT meets all of the monitoring, disclosure, and reporting requirements for institutions participating in Title IV of the Higher Education Act, 20 U.S.C. §§ 1001, 1002(b); *id.* § 1094(a)(5), (a)(17); *id.* § 1097a.

ITT objects to the Bureau's argumentative and inaccurate use of the Bureau-created term "ITT Private Loans" in this action. ITT neither owned, originated, nor offered private education loans; rather, they were owned, originated, and offered by third-party banks. ITT further objects to the Bureau's use of the Bureau-created term "ITT Installment Loans." This term also is inaccurate and argumentative. ITT does not offer "installment loans." ITT's objections apply to the Bureau's argumentative use of these terms throughout this Case Management Plan.

C. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

III. **<u>Pretrial Pleadings and Disclosures</u>**

The parties have conferred regarding the below schedule for pretrial pleadings and disclosures, and they have agreed on the following approach. Given the Court's decision on ITT's motion to stay discovery (Dkt. 36), the parties believe it prudent to base most of the case deadlines not on the date the complaint was filed, but rather on the date the Court rules on ITT's motion to dismiss (the "Motion to Dismiss Ruling Date"), without prejudice to either party's right to seek a further stay.

A. The parties shall exchange Fed. R. Civ. P. 26 initial disclosures on or before August 8, 2014.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **10 months from the Motion to Dismiss Ruling Date**.

C. Defendant shall file preliminary witness and exhibit lists on or before **11 months from the Motion to Dismiss Ruling Date**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **11 months from the Motion to Dismiss Ruling Date**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **11 months from the**

      **Motion to Dismiss Ruling Date.** Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand (i.e., on or before **12 months from the Motion to Dismiss Ruling Date**).

F. Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **16 months from the Motion to Dismiss Ruling Date**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **17 months from the Motion to Dismiss Ruling Date**.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **23 months from the Motion to Dismiss Ruling Date**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **22 months from the Motion to Dismiss Ruling Date**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). ESI Supplement attached.

IV. **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff's Statement:

Defendant has filed a motion to dismiss, which the Bureau believes lacks merit in its entirety. At this stage, prior to discovery, it is too early to determine whether any specific issues in this case will be appropriate for summary judgment.

Defendant's Statement:

As detailed in its Motion to Dismiss, ITT believes this case will be appropriately resolved by dispositive motion. The bases for ITT's motion to dismiss are set forth in the briefs in support of that motion. In the event that any of the Bureau's claims survive dismissal, some or all of those claims may be appropriate for resolution on a motion for summary judgment.

B. Select the track that best suits this case:

   **X**   Track 4: Dispositive motions shall be filed by **20 months from the Motion to Dismiss Ruling Date**; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **19 months from the Motion to Dismiss Ruling Date**; all remaining discovery shall be completed by **22 months from the Motion to Dismiss Ruling Date**.

The parties believe that Track 4 is necessary to provide sufficient time for the discovery and pre-trial motions anticipated in this case.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

The parties request a settlement conference **12 ½ months from the Motion to Dismiss Ruling Date**, though both parties have agreed to consider settlement proposals at any time.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.

## VI. Trial Date

The parties request a trial date **24 months from the Motion to Dismiss Ruling Date**. The trial will be by Court, though ITT reserves the right to demand a jury trial of those issues triable by a jury. The parties' reasons for requesting this track and trial date are explained above. The Bureau anticipates fifteen days for its case-in-chief. ITT reserves the right to use a number of trial days equal to that requested by the Bureau.

## VII. Referral to Magistrate Judge

At this time, the parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

## VIII. Required Pre-Trial Preparation

### A. TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the

6

          deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions *in limine*, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

Plaintiff's Statement:

The Bureau anticipates that it will seek leave to take more than 10 depositions and serve more than 25 interrogatories, which are the default limits set by the Federal Rules of Civil Procedure.

Defendant's Statement:

ITT objects to discovery beyond the limits set in the Federal Rules of Civil Procedure and the Local Rules of this Court. Such discovery would be particularly unjustifiable since the

Bureau has already collected extra-judicial discovery from ITT and numerous third-parties for more than two years.

Respectfully submitted,

s/ Cynthia Gooen Lesser
Cynthia Gooen Lesser (NY Bar # 2578045)
Ethan Haim Levisohn (DC Bar #982702)
Nicholas F. B. Smyth (PA Bar #307972)
Maureen Elin McOwen (DC Bar #976749)
Enforcement Attorneys, Office of Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9594
Facsimile: (202) 435-7722
Cynthia.Lesser@cfpb.gov

*Counsel for Plaintiff*


ICE MILLER, LLP

s/ Philip A. Whistler
Philip A. Whistler, (#1205-49), (317) 236-2100, Philip.Whistler@icemiller.com
Thomas E. Mixdorf, (#16812-49), (317) 236-2100, Thomas.Mixdorf@icemiller.com
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Facsimile: (317) 236-2219

GIBSON, DUNN & CRUTCHER LLP

s/ Douglas R. Cox
Douglas R. Cox, (*pro hac vice*), (202) 887-3531, DCox@gibsondunn.com
Jason J. Mendro, (*pro hac vice*), (202) 887-3726, JMendro@gibsondunn.com
Lucas C. Townsend, (*pro hac vice*), (202) 887-3731, LTownsend@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036-5306
Facsimile: (202)467-0539

Timothy J. Hatch, (*pro hac vice*), (213) 229-7000, THatch@gibsondunn.com
333 South Grand Ave.
Los Angeles, CA 90071-3197
Facsimile: (213) 229-7520

*Counsel for Defendant*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


_____          _____
Date                                     U. S. District Court
                                         Southern District of Indiana