UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL ) <br> PROTECTION BUREAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ITT EDUCATIONAL SERVICES, INC., ) <br> ) <br> Defendant. ) <br> ) | No. 1:14-cv-00292-SEB-TAB |

**ORDER ON DEFENDANT'S MOTION FOR A STAY PENDING APPEAL**

The parties vigorously dispute whether a stay of this action is appropriate. Defendant ITT Educational Services has filed a motion to stay [Filing No. 73] based on its appeal of this Court's March 6, 2015, order. That order denied Defendant's attempt to dismiss Plaintiff Consumer Financial Protections Bureau's three claims brought pursuant to the Consumer Financial Protection Act, though the order did dismiss Plaintiff's single Truth in Lending Act claim. As the order in question did not resolve this case, the Court did not enter a final judgment. Undaunted by a lack of a judgment, Defendant boldly asserts that the collateral order doctrine "mandates" a stay of all proceedings. [Filing No. 73, at ECF p. 1.] Alternatively, Defendant invites this Court to exercise its discretion to impose a stay. Respectfully, the Court declines Defendant's invitation and rejects the argument that the collateral order doctrine mandates a stay.

On March 6, 2015, this Court granted ITT Educational Service's motion to dismiss count four of Plaintiff Consumer Financial Protections Bureau's complaint. Defendant's only asserted basis for its appeal is the collateral order doctrine. This basis stands in contrast to the final

judgment rule, 28 U.S.C. § 1291, a bedrock principle of federal procedure that bars most interlocutory appeals. The collateral order doctrine is an exception to the final judgment rule that allows parties to appeal a small class of district court orders that finally determine claims of right separable from, and collateral to, rights asserted in the action even though they do not necessarily conclude the litigation. The Supreme Court has made clear that the collateral order doctrine is a "narrow exception" to the final judgment rule, *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985), and the requirements to meet the exception are "stringent," *Digital Equip. Corp. v. Desktop Direct,* 511 U.S. 863, 868 (1994).

There is no basis to justify an exception to the final judgment rule here. This is particularly so in the instant case because Defendant filed its stay motion nine months after it filed its notice of appeal—nine months in which ITT did not challenge the district court's jurisdiction in any way and appeared to be engaged in the discovery process. In reality, it appears Defendant is simply trying to avoid the costs of the additional discovery it references in its brief. However, the expense of defending litigation does not constitute the type of irreparable harm that justifies a collateral order appeal. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). *See also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *R.R. Donnelly & Sons v. FTC*, 931 F.2d 430, 431 (7th Cir. 1991) ("If the cost, delay, and aggravation of litigation made an order final, the distinction between interlocutory and final decisions would collapse, and courts of appeals would be deluged.").

The cases Defendant relies upon discussing a stay pending a collateral appeal involved a qualified immunity defense. Defendant's constitutional challenges do not fall within this category of claims. Moreover, appeals involving immunity claims generally merit a stay of all

district court proceedings upon filing the notice of appeal because of the unique right not to be tried at issue in those cases.  The only other case cited by ITT in support of its request for a stay, *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504 (7th Cir. 1997), did not even involve an appeal under the collateral order doctrine.

      Alternatively, Defendant asserts that even if its appeal is frivolous, this Court should stay all proceedings by invoking "its inherent power to control its own docket."  [Filing No. 73, at ECF p. 8.]  While judges have discretion to control their dockets, Defendant has not made a sufficient showing to support the exceedingly broad request to stay this entire matter and bring this litigation to a grinding halt.

      Finally, Defendant states, "Should this Court deem ITT's appeal frivolous, ITT respectfully requests sufficient time to seek a stay from the Seventh Circuit."  [Filing No. 73, at ECF p. 8.]  Given that Defendant filed its notice of appeal in April 2015 and waited nine months to file the instant stay motion, it seems to the Court that Defendant has already had sufficient time to seek such a stay and simply chose not to.  In short, if Defendant wants to seek a stay from the Seventh Circuit, it may do so, but this Court sees no basis for a stay.

      For these reasons, Defendant's motion to stay [Filing No. 73] and motion for oral argument [Filing No. 78] are denied.

      Date:  3/21/2016

*[signature]*

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.