UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:14-cv-00292-SEB-TAB ) |
| ITT EDUCATIONAL SERVICES, INC., | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUGGESTION OF BANKRUPTCY**

The Consumer Financial Protection Bureau (the "Bureau") submits this Response to the Suggestion of Bankruptcy (DE 90) filed by Defendant ITT Educational Services, Inc. ("ITT"). Contrary to ITT's assertion in the Suggestion of Bankruptcy, its bankruptcy filing does not stay this case. Under 11 U.S.C. § 362(b)(4), the automatic stay provisions of the Bankruptcy Code do not apply to an enforcement action brought by a government agency exercising its police and regulatory powers. Accordingly, the Bureau's enforcement action against ITT is not stayed.

**Background**

On February 26, 2014, the Bureau, a federal government agency charged under 12 U.S.C. § 5491 with enforcing the Consumer Financial Protection Act, 12 U.S.C. §§ 5481 *et seq.* (the "CFPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and other federal consumer financial laws, filed this action against ITT, the owner and operator of a chain of for-profit colleges throughout the United States. The Complaint alleges, *inter alia*, that ITT engaged in unfair and abusive acts and practices in violation of the CFPA. DE 1.

On September 16, 2016, ITT filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Indiana. On the same day, ITT filed a Suggestion of

Bankruptcy with this Court in which it stated that this case was stayed pursuant to Section 362(a) of the Bankruptcy Code. DE 90.

### **As a Government Enforcement Action, This Case Is Not Subject to the Automatic Stay**

Section 362 of the bankruptcy code provides a broad automatic stay of actions against a debtor. *See* 11 U.S.C. § 362. However, the automatic stay contains important exceptions. Most relevant to these proceedings, the statute provides that "commencement or continuation of an action or proceeding by a governmental unit…to enforce a governmental unit's or organization's policy or regulatory power" is not subject to the automatic stay contained in section 362(a). 11 U.S.C. § 362(b)(4).

As stated in the statute's frequently cited legislative history and reiterated by the Seventh Circuit, "where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay." *N.L.R.B. v. P*I*E Nationwide, Inc.*, 923 F.2d 506, 511 (7th Cir. 1991) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 343, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6299) (emphasis added). The purpose of this exemption is to prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court. *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (citations omitted).

The application of section 362(b)(4) to this case is straightforward, and is appropriately within the ambit of this Court to determine. *See P*I*E Nationwide*, 923 F.2d at 512 ("[t]he applicability of the automatic stay is a question of law within the competency of the judiciary.")(citations omitted). Section 362(b)(4) exempts from the automatic stay an action by a governmental unit enforcing a policy or regulatory power. *Id.* at 511. The Bureau is a governmental unit created to "regulate the offering and provision of consumer financial products and services…"

12 U.S.C. § 5491. The CFPA empowers the Bureau to "take any action authorized…to prevent a covered person or service provider from committing or engaging in an unfair, deceptive or abusive act or practice under Federal law." 12 U.S.C. §5531(a); *see also P\*I\*E Nationwide*, 923 F.2d at 511 (noting that the National Labor Relations Act's provision empowering the NLRB to prevent unfair labor practices indicates that the NLRB "is enforcing a police or regulatory power."). And the instant action is a proceeding brought by the Bureau to enforce the federal consumer protection laws within its authority, including the CFPA. *See* Compl., DE 1, ¶¶ 1, 15, 156-91. Therefore, this action is not subject to the automatic stay and should proceed through final judgment. *See Consumer Financial Protection Bureau v. Corinthian Colleges, Inc.,* No. 1:14-cv-07194, slip op. (N.D. Ill. July 16, 2015) (in an action by the Bureau against a for-profit college, the Court rejected the defendant's effort to stay the Bureau's case during the pendency of the defendant's bankruptcy proceedings) (attached as Ex. 1); *Consumer Financial Protection Bureau v. Jalan, et al.*, No. 12-2088, slip op. at 11 (C.D. Cal. Jul. 23, 2013) (in an action alleging violations of the CFPA's prohibition on unfair and deceptive practices and of Regulation O, a "bankruptcy petition does not prevent entry of default judgment because actions to enforce a government agency's police or regulatory powers are excepted from automatic stays under 11 U.S.C. § 362(b)(4)") (attached as Ex. 2).

## Conclusion

Because this is an action brought by the Federal government for violation of the CFPA, a "consumer protection" statute, the plain terms of the Bankruptcy Code exempt it from the automatic stay. 11 U.S.C. § 362(b)(4). ITT's assertion that this action is stayed by the company's bankruptcy filing has no basis. The Bureau intends to continue to pursue the timely resolution of this matter.

Dated: September 19, 2016          Respectfully submitted,

                                           s/ Jonathan Reischl
Jonathan Reischl (IL Bar #6305260)
Maureen McOwen (DC Bar #976749)
Thomas Kim (NY Bar #4308029)

Office of Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9202
Facsimile: (202) 435-7329
E-mail: jonathan.reischl@cfpb.gov

*Attorneys for the Consumer Financial Protection Bureau*

## CERTIFICATE OF SERVICE

I, Jonathan Reischl, certify that on September 19, 2016, I caused Plaintiff's Response to Defendant's Suggestion of Bankruptcy to be filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Date: September 19, 2016

s/ Jonathan Reischl
Jonathan Reischl (IL Bar #6305260)
Office of Enforcement
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-9202
Facsimile: (202) 435-7329
E-mail: jonathan.reischl@cfpb.gov

*Counsel for Consumer Financial Protection Bureau*