UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>ITT EDUCATIONAL SERVICES, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:14-cv-292-SEB-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED FINAL JUDGMENT AND ORDER AGAINST
ITT EDUCATIONAL SERVICES, INC.**

Plaintiff, the Bureau of Consumer Financial Protection (the "Bureau"), commenced this civil action on February 26, 2014 against Defendant ITT Educational Services, Inc. under sections 1031(a), 1036(a), 1054(a), and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), and 5565, alleging, among other things, violations of section 1036(a)(1) of the CFPA, which prohibits unfair, deceptive, and abusive acts or practices.

The Bureau and the Trustee for ITT have agreed to settle the Bureau's claims against ITT and, by and through counsel, request that the Court enter this Stipulated Final Judgment and Order ("Order").

**FINDINGS**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to 12 U.S.C. § 5565(a)(1) and 28 U.S.C. §§ 1331, 1345, and 1367.

2. On September 16, 2016, ITT and its affiliated debtors, ESI Service Corp. and Daniel Webster College, Inc., filed voluntary petitions for relief under chapter 7 of the

United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), commencing bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "Bankruptcy Court"), jointly administered in the case captioned *In re ITT Educational Services, Inc.*, Case No. 16-07207-JMC-7A (the "Bankruptcy Proceeding").

3. Deborah J. Caruso has been appointed chapter 7 trustee for ITT and its affiliated debtors. Pursuant to 11 U.S.C. § 323, the Trustee is vested with the power to administer all assets that comprise ITT's bankruptcy estate and has authority to act on behalf of ITT, and has the capacity to sue and be sued.

4. The Trustee is not operating the business of ITT and is proceeding with an orderly liquidation under chapter 7 of the Bankruptcy Code. The Trustee has agreed not to file a motion with the Bankruptcy Court pursuant to 11 U.S.C. § 721 or otherwise seek authorization to operate ITT's business. Given that ITT's assets are being liquidated and the Trustee has agreed not to seek permission to operate ITT's business, the Bureau has agreed not to seek certain injunction, compliance, and reporting requirements.

5. The Court previously has held that the Bureau's Complaint states claims upon which relief may be granted under the CFPA. Dkt. No. 49. The relief provided in this Order is appropriate and available pursuant to sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565.

6. The Bureau alleges that the acts and practices described in its Complaint resulted in students enrolling in CUSO Loans that in many cases they did not want, did not understand, or did not even realize they were getting. The Bureau alleges that ITT students experienced substantial injury as a result of the CUSO Loans.

7.      On March 14, 2017, the Bureau timely filed a proof of claim in the Bankruptcy Proceeding.

8.      The Bureau and the Trustee (the "Parties") agree to the entry of this Order, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct of ITT alleged in the Complaint to the date this Order is entered.

9.      The Bureau makes no allegations against the Trustee, but only against ITT.

10.     The Trustee consents to entry of this Order, and accordingly waives service under Rule 4(d) of the Federal Rules of Civil Procedure and waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. The Trustee also waives any claim that ITT may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning prosecution of this action to the date of this Order. Each Party will bear its own costs and expenses, including, without limitation, attorneys' fees.

11.     On November 30, 2018, the Bankruptcy Court entered an order approving a settlement agreement between the Trustee, solely in her capacity as Chapter 7 bankruptcy trustee for ITT's Estate, and a class of former ITT students. In that Order, the Court permanently enjoined the collection, assignment, or transfer of any of the CUSO receivables (student receivables owned by ITT and transferred to CUSO under the CUSO Program Agreements). On June 14, 2019 the Bankruptcy Court approved a settlement agreement between the Trustee, solely in her capacity as Chapter 7 bankruptcy trustee for ITT's Estate, and CUSO wherein the Trustee agreed that ITT's Estate will not, directly or indirectly, service, enforce, or collect the CUSO loans and waived and relinquished any right, authority, or power, if any, the Estate may have with respect to the CUSO loans and the servicing and collection of the CUSO loans.

12. Pursuant to the Stipulated Final Judgment and Order in *Bureau of Consumer Financial Protection v. Student CU Connect CUSO, LLC*, No. 1:19-cv-02397-JRS-DLP (S.D. Ind. June 20, 2019), CUSO has ceased collection of the CUSO Loans and has agreed to permanently cease enforcing, collecting, or receiving any payment on CUSO Loans.

13. Given that ITT and CUSO have agreed to permanently cease all collection on the CUSO Loans, and given the limited amount of funds available in the Estate for distribution to former students, the Bureau has agreed not to seek a distribution in the Bankruptcy Proceedings.

14. The Bankruptcy Court has authorized the Trustee to enter into this Order by order dated July 25, 2019, a copy of which is attached as Exhibit B to the Agreed Motion For Entry of Stipulated Final Judgment. The Bankruptcy Court's order is now final and non-appealable.

15. Entry of this Order is in the public interest.

## DEFINITIONS

The following definitions apply to this Order:

16. "**Affected Consumer**" means any consumer who received a CUSO Loan.

17. "**Estate**" or "**ITT's Estate**" means the bankruptcy estate of ITT created upon filing of ITT's chapter 7 petition by operation of law pursuant to 11 U.S.C. § 541.

18. "**Effective Date**" means the date on which the Order is issued.

19. "**ITT**" means ITT Educational Services, Inc. and its successors and assigns. For purposes of this definition, an "assign" includes a person who purchases all or substantially all of the assets of ITT or who acquires any of ITT's assets, rights, or interests with respect to the CUSO Loans.

20. **"Private Educational Loan"** means an extension of credit from a source other than a government agency to students for the purpose of meeting the costs of education.

21. **"CUSO"** means Student CU Connect CUSO, LLC, the entity created for the private student loan program established by ITT and other parties pursuant to the CUSO Program Agreements.

22. **"CUSO Loans"** means the private student loans entered into by ITT students and transferred to CUSO.

23. **"CUSO Program Agreements"** means the Financing Program Agreement, the Risk Sharing Agreement, the Agreement for Servicing Private Student Loans, and certain other agreements and documents, as amended, supplemented, or modified, related to the CUSO private student loan program.

24. **"Trustee"** means Deborah J. Caruso, the chapter 7 trustee of Defendant ITT and its affiliated debtors, appointed in the Bankruptcy Proceeding by the United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division, and any successor trustee.

## ORDER

### I.

### JUDGMENT FOR EQUITABLE MONETARY RELIEF

**IT IS ORDERED that:**

25. A judgment for equitable monetary relief is entered in favor of the Bureau and against Defendant ITT in the amount of $60,000,000.

## II.

## INJUNCTIVE RELIEF

**IT IS FURTHER ORDERED that:**

26. Defendant ITT, whether acting directly or indirectly must take the affirmative actions set forth in this section:

    a. Defendant ITT, whether acting directly or indirectly, is restrained from offering or providing Private Educational Loans to consumers;

    b. Defendant ITT, whether acting directly or indirectly, is restrained from offering or providing financial advisory services to consumers related to Private Educational Loans;

    c. Defendant ITT and the Trustee on its behalf shall not take any action to directly or indirectly (i) enforce or collect on any CUSO Loan, or (ii) recoup or recover any funds from any Affected Consumer;

    d. Defendant ITT and the Trustee on its behalf is permanently restrained and enjoined from directly or indirectly seeking or accepting any consideration or relief, including any financial benefit, from any Affected Consumer in connection with the forgiveness, refunding or cessation of collection of any CUSO Loan; and

    e. The Trustee shall not seek authorization for ITT, whether acting directly or indirectly, to engage in the actions prohibited by this section.

### III.

### PENDENCY OF BANKRUPTCY PROCEEDING

**IT IS FURTHER ORDERED that:**

27. Within 45 days of the Effective Date, the Bureau must amend its proof of claim in the Bankruptcy Proceeding to $0.00, such that the Bureau will receive no distribution from ITT's Estate.

28. The Trustee's obligations under this Order will terminate upon the closure of the Bankruptcy Proceeding.

29. Notwithstanding anything to the contrary in the foregoing, nothing in this Order (i) releases the Bureau's proof of claim or (ii) prohibits or prevents the Bureau from participating in the Bankruptcy Proceeding or exercising its rights as a creditor of ITT's Estate.

### IV.

### REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that:

30. Given that Defendant ITT's Estate is being liquidated and the Trustee is not operating and will not seek to operate the business of ITT, extensive compliance obligations by the Trustee are not warranted. As long as the Bureau is receiving ECF notifications in the Bankruptcy Proceeding, the Trustee shall ensure that the Bureau is notified of the occurrence of any of the following:

    a. The Trustee's discovery, after the entry of this Order, of any Student Account Receivables; Educational Loans; reversionary rights, in favor of ITT, in Educational Loans held by other entities; assets with an estimated net value of $150,000 or

more administered by the Trustee; or assets that could be the subject of a turnover motion by the Trustee;

  b. The Trustee's filing of a motion under 11 U.S.C. § 363 in the Bankruptcy Proceeding to use, sell, or lease property of the Estate;

  c. The Trustee's filing of any interim report to the Bankruptcy Court; and

  d. The closure of the Bankruptcy Proceeding.

If notice of any of the foregoing events is not being provided to the Bureau on account of its position as a creditor in the Bankruptcy Proceeding, the Trustee must ensure that the Bureau receives notice at least 30 days after the event or as soon as practicable after learning of the event, whichever is sooner.

## V.

## NOTICES

**IT IS FURTHER ORDERED** that:

 31. Unless otherwise directed in writing by the Bureau, the Trustee must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "Re: ITT Educational Services, Inc., Case No. 1:14-cv-292 (S.D. Ind.)," and send by overnight courier or first class mail to the below address and contemporaneously by email to CFPB_Enforcement_Compliance@cfpb.gov:

> Bureau of Consumer Financial Protection
> Attention: Assistant Director for Enforcement
> 1700 G Street, NW
> Washington D.C. 20552

VI.

COOPERATION WITH THE BUREAU

**IT IS FURTHER ORDERED that:**

32.    In connection with this action, the Order, or any subsequent investigations related to or associated with the transactions or occurrences that are the subject of the Complaint, the Trustee shall cooperate in good faith with the Bureau and provide the Bureau reasonable access to the non-privileged documents, records, and data in the possession of ITT's Estate.

33.    Within 21 calendar days of receipt of a written request from the Bureau for non-privileged documents, records, or data, the Trustee will provide the Bureau reasonable access to any such materials that are reasonably available to her, consistent with the terms of the Protective Order Governing the Production of Discovery Materials by the Trustee entered in the Bankruptcy Proceeding on August 15, 2018. *In re ITT Educational Services, Inc.*, No. 16-07207-JMC-7A (Bankr. S.D. Ind. Aug. 15, 2018) (ECF No. 2803).

34.    Nothing in this Order shall limit the Bureau's lawful use of civil investigative demands under 12 C.F.R. § 1080.6, the use of examinations under Bankruptcy Rule 2004, or any other discovery device available under federal statute or the Bankruptcy Code, subject to the Trustee's ability to seek a protective order or other available relief in law, equity, or otherwise.

VII.

MODIFICATIONS

35.    Notwithstanding the provisions of paragraph 39 (Section IX) of this Order, any time limits for performance fixed by this Order may be extended by mutual written agreement of the parties (or, as applicable, the Trustee) and without further Court approval.

Additionally, details related to the administration of Sections IV through VI of this Order may be modified by written agreement of the parties (or, as applicable, the Trustee) and without further Court approval.  Any other modifications to this Order may be made only upon approval of the Court, upon motion by any party.

## VIII.

## RELEASE

36. The Bureau releases and discharges Defendant ITT from all potential liability for violations of law that the Bureau has or might have asserted based on the practices described in the Complaint, to the extent such practices occurred before the Effective Date and the Bureau knows about them as of the Effective Date. The Bureau may use the practices described in this Consent Order in future enforcement actions against Defendant ITT and its affiliates, including, without limitation, to establish a pattern or practice of violations or the continuation of a pattern or practice of violations or to calculate the amount of any penalty.  This release does not preclude or affect any right of the Bureau to determine and ensure compliance with the Order, or to seek penalties for any violations of the Order.

37. This Order shall not prejudice or otherwise negatively affect the Bureau's claims against any other party. Nothing in this Order shall be deemed to preclude the Bureau from pursuing claims against other parties based on the practices described in the Complaint.

38. Nothing in this Order is intended to permit, nor does the Bureau assert, a claim against the Trustee in her personal capacity.

## IX.

## RETENTION OF JURISDICTION

39. The Court shall retain jurisdiction over matters pertaining to the Order for purposes of its construction, modification, and enforcement; provided, however, that nothing herein shall divest the Bankruptcy Court of its jurisdiction over the Bankruptcy Proceeding. The Parties may jointly seek to modify the terms of the Order, which may be modified only by Court order.

**IT IS SO ORDERED.**

Dated:  8/16/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.